IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVIE HERRIN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-CV-2420-D (BT) |
| | § | |
| JODY R. UPTON, *Warden*, | § | |
| FMC CARSWELL, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Evie Herrin, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

Petitioner was convicted in the Southern District of Mississippi of bank robbery in violation of 18 U.S.C § 2113. (ECF No. 6-1 at 4.) On January 7, 2013, the court sentenced Petitioner to 70 months in prison. (*Id.* at 5.) Also, on October 3, 2013, in the Western District of Louisiana, Petitioner was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (ECF

1

No. 6-1 at 10.) She was sentenced to 87 months on the bank robbery charge, to run concurrent with a 60-month sentence on the conspiracy charge. (*Id.* at 11.) These sentences were ordered to run concurrently with the sentence imposed by the Southern District of Mississippi. (*Id.*)

Petitioner does not challenge her convictions. Instead, she argues the Bureau of Prisons ("BOP") incorrectly calculated her sentence.

II.

Petitioner argues she was not properly credited with time spent in custody prior to her convictions, and that the BOP added eleven months to her sentence. To support her claim, Petitioner submits a February 11, 2014, time sheet showing that her projected release date was April 24, 2017. (*See* ECF No. 3 at 7.) She argues she should have been released on that date.

Petitioner's time credit claims are without merit. The February 11, 2014, time sheet submitted by Petitioner reflects only her conviction from the Southern District of Mississippi. It does not include her later sentence of 87 months from the Western District of Louisiana.

On October 3, 2013, the Western District of Louisiana sentenced Petitioner to 87 months in prison. As she was already in custody, her sentence began to run the day it was imposed. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is

2

received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.") Therefore, even though the 87-month sentence ran concurrently to Petitioner's 70-month sentence, the 87-month sentence did not begin until October 3, 2013. Petitioner's 87-month sentence was therefore not credited with time Petitioner spent in custody prior to her Louisiana convictions. Petitioner has failed to establish that the BOP has incorrectly calculated her time credits. The petition should therefore be denied.

### III.

For the foregoing reasons, the Court recommends that the petition filed under 28 U.S.C. § 2241 be denied.

Signed September 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).